542 So.2d 1059 (1989)
Anthony Bernard BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 87-01452.
District Court of Appeal of Florida, Second District.
May 3, 1989.
James Marion Moorman, Public Defender, and John T. Kilcrease Jr., Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Brenda S. Taylor, Asst. Atty. Gen., Tampa, for appellee.
HALL, Judge.
Anthony Bernard Brown appeals from his judgment and sentence for burglary of an occupied residence, robbery, and kidnapping. He argues that the trial court erred in sentencing him to consecutive minimum mandatory sentences for one criminal episode. We agree and reverse.
The appellant entered the home of Arlen and Barbara Kuntz and robbed the owners and Ann Hill, a visiting neighbor, at gunpoint of jewelry and money. He then confined the victims in the bathroom, took the Kuntz's automobile, and fled.
The appellant then approached William Wolf on the pretense of needing directions, pointed the gun at Wolf's head, and robbed him of his wallet.
The appellant was apprehended and identified as the robber by the victims. He was charged with one count of armed burglary of an occupied residence, three counts of armed kidnapping, and four counts of armed robbery.
Following trial, the jury found the appellant guilty as charged. The trial court sentenced the appellant to life imprisonment for each count to be served concurrently. The court directed that the three-year minimum mandatory sentences for the use of a firearm in counts I, III, IV and VII (the counts involving the crimes against Mr. and Mrs. Kuntz) be served consecutively to the mandatory sentences for counts II and V (the counts involving the crimes against Ann Hill). Finally, the trial court directed that the appellant serve the minimum mandatory sentence for count VIII *1060 (the armed robbery of William Wolf) consecutive to all the other sentences.
The appellant argues that the trial court erred in making the sentences for the crimes involving Mr. and Mrs. Kuntz consecutive to the sentences for the crimes against Mrs. Hill, since the burglaries and robberies occurred in a single criminal episode. He argues that, although there may have been several victims, consecutive stacking of minimum mandatory sentences for the use of a firearm in a single criminal episode is prohibited.[1] We agree. See Palmer v. State, 438 So.2d 1 (Fla. 1983); State v. Suarez, 485 So.2d 1283 (Fla. 1986).
Accordingly, this case is reversed and remanded for correction of the judgment and sentences to reflect that the minimum mandatory sentences for counts I, III, IV and VII are to run concurrently with the minimum mandatory sentences for counts II and V.
SCHOONOVER, A.C.J., and THREADGILL, J., concur.
NOTES
[1] The appellant concedes that count VIII involved a separate criminal episode, the robbery of Mr. Wolf, and, therefore, the trial court was entitled to direct that that sentence be served consecutively to the others.