PATTERSON, Judge.
Anthony Bernard Brown appeals from his judgment and sentences for two counts of armed burglary, three counts of armed robbery and three counts of armed kidnapping. Appellant argues that the trial court erred in sentencing him to consecutive minimum mandatory sentences for crimes arising from a single criminal episode. We agree and reverse.
Appellant, carrying a gun, entered the home of Arthur Pond, demanded money, confined Pond to the bathroom and took money and a flashlight. Appellant then entered the home of Louise Gardner, carrying a gun and a flashlight. He robbed her and her guest, Guy Kirschner, and confined them to a bathroom.
After trial, the jury returned verdicts of guilty to all counts as charged. The trial court adjudicated appellant guilty and sentenced him within the guidelines to concurrent life sentences for each count. The court imposed a three-year minimum mandatory for use of a firearm on each count. The mandatory sentences were concurrent for each count involving the same victim, but consecutive to counts involving other victims.
The stacking of minimum mandatory sentences for the use of a firearm is prohibited when the offenses occurred during the same criminal episode. State v. Suarez, 485 So.2d 1283 (Fla.1986); Palmer v. State, 438 So.2d 1 (Fla.1983). In a very similar robbery case, this court reversed appellant’s consecutive minimum mandatory sentences based on this same argument. See Brown v. State, 542 So.2d 1059 (Fla. 2d DCA 1989). A review of the record reflects that the robbery and kidnapping of Mr. Kirschner (counts VI and VIII) and the burglary, robbery and kidnapping of Ms. Gardner (counts IV, V and VII) occurred during the same criminal transaction.
Accordingly, we reverse this case and remand for correction of the judgment and sentences to reflect that the minimum man *1296 datory sentences for counts IV, V, VI, VII and VIII are to run concurrently.
LEHAN, A.C.J. and ALTENBERND, J., concur.