546 So.2d 1134 (1989)
Samuel Laray JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 88-2016.
District Court of Appeal of Florida, First District.
July 21, 1989.
Michael E. Allen, Public Defender, and Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
Robert Butterworth, Atty. Gen., and William A. Hatch, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
Jones has appealed the sentence imposed after his re-trial pursuant to this court's mandate in Jones v. State, 522 So.2d 981 (Fla. 1st DCA 1988). We affirm in part and reverse in part.
Jones was convicted after re-trial of armed robbery, armed burglary and two counts of armed kidnapping. The facts underlying these convictions show that Jones, with others, entered the premises of a food supply business, where he confined two employees in a freezer. One employee was left in the freezer while the other was forced to load food into a truck and drive it to a different location, where he was held for a few hours then released.
After his conviction on the foregoing charges, a guidelines scoresheet was prepared using kidnapping as the "primary offense at conviction." Pursuant to Section 775.087(1)(a), Florida Statutes, whenever a person is charged with a felony and during the commission thereof carries, displays, uses, threatens or attempts to use any weapon or firearm, the felony with which the person is charged shall be reclassified, in the case of a felony of the first degree, to a life felony. Kidnapping is a first degree felony punishable by life and, pursuant to the foregoing provision, was scored as a life felony.
Section 775.087(2)(a), Florida Statutes, states in pertinent part that any person who is convicted of kidnapping and who had in his possession a firearm shall be sentenced to a minimum term of imprisonment of three years. The trial court herein imposed this minimum mandatory sentence *1135 with regard to each count of kidnapping, to run consecutively.
With regard to the reclassification of the first degree felonies of kidnapping to life felonies, Jones argues that kidnapping is not a first degree felony, but a distinct classification of felony which he terms "first degree punishable by life." Jones contends that, because Section 775.087(1)(a) does not provide for reclassification of a "first degree felony punishable by life," the reclassification herein was error. We disagree.
Section 787.01(2), Florida Statutes, provides that "[a] person who kidnaps a person is guilty of a felony of the first degree" (emphasis supplied). The statute goes on to provide that the offense is punishable by a term of years not exceeding life, as permitted by Section 775.082(3)(b), Florida Statutes. That section establishes the permissible punishment for a felony of the first degree, that is, 30 years imprisonment or, if specifically provided in the pertinent criminal statute, a term of years not exceeding life. It is clear that there is no distinct felony classification of "first degree punishable by life," but only a first degree felony which may be punished in one of two ways. Therefore, there was no error in the reclassification of the first degree felonies of kidnapping to life felonies based on Jones' use of a firearm.
Jones further alleges, however, that the trial court erred in making consecutive the minimum mandatory sentences prescribed by Section 775.087(2)(a) and imposed on the armed robbery and kidnapping counts. We agree. Consecutive stacking of minimum mandatory sentences for the use of a firearm in a single criminal episode is prohibited. Brown v. State, 542 So.2d 1059 (Fla. 2d DCA 1989) (Brown I); Brown v. State, 543 So.2d 1295 (Fla. 2d DCA 1989) (Brown II).
In Brown I, the appellant robbed a couple and their visiting neighbor at gunpoint, then confined them in a bathroom. The trial court directed that the three-year minimum mandatory sentences for the crimes against the couple be served consecutively to the sentences for the crimes against the neighbor. The appellate court reversed, agreeing that, even though there were multiple victims, the consecutive stacking of minimum mandatory sentences was improper for use of a firearm in a single criminal episode. Brown I at 1115.
Similarly, in Brown II, the appellant robbed an individual and her guest, thereafter confining them in a bathroom. The trial court imposed a three-year minimum mandatory sentence on each count for use of a firearm, concurrent for each count involving the same victim, but consecutive to counts involving the other victim. The appellate court reversed, in that the offenses against the neighbor and guest occurred during the same criminal transaction. Brown II at 1309.
In this case, the armed appellant entered a business where there were two employees, confined them both in a freezer, then forced one to drive the getaway car, later releasing him. It is clear that the robbery and kidnappings "occurred during the same criminal transaction," and that the minimum mandatory sentences for each crime should be served concurrently. We therefore reverse, and remand for correction of the judgment and sentences to reflect that the minimum mandatory sentences are to run concurrently. The judgment and sentences are in all other respects affirmed.
ERVIN and SHIVERS, JJ., concur.