DAUKSCH, Judge.
This is an appeal from a judgment and sentence. Appellant was charged in three counts with robbery with a firearm, aggravated assault with a firearm and attempted aggravated battery with a firearm. The evidence at appellant’s jury trial showed that on July 28, 1989 at 11:00 p.m., Samantha Kirkland, a clerk at a Cumberland Farms Store was robbed as she attempted to get into her car after getting off of work. As she sat down in the driver’s seat of her car, appellant ran up to her and stuck a gun to her chest requesting her purse. She gave him the purse and he took off running.
Kirkland’s husband, Steve, who had been waiting for his wife in the parking lot, recognized appellant because he had approached him earlier asking for the time. He had later asked Steve if he could catch a ride. Steve had refused stating that he was waiting for his wife to get off of work and appellant left. After appellant robbed his wife, Steve jumped out of the car and immediately started running after him. Appellant turned around and shot at Steve. Steve continued to run after him and he again turned around and shot at him. Appellant was apprehended by a police officer during the chase.
At the conclusion of the trial appellant was convicted as charged. His sentencing guideline scoresheet totalled ninety points yielding a presumptive guideline sentence of three and one-half to four and one-half years. The trial court sentenced him as follows: Count I — a term of five and one-half years with a three-year mandatory minimum; Count II — a term of four and one-half years to run concurrent with the sentence imposed in Count I, a term of six months to run consecutive to the sentence imposed in Count I and a three year mandatory minimum to run consecutive with the three year mandatory minimum imposed in Count I; Count III — a term of five years with a three year mandatory minimum, both to run concurrent to the sentence imposed in Count II.
Although appellant has raised several issues on appeal, only two merit discussion. Appellant contends first that the trial court erred by sentencing him to consecutive mandatory minimum sentences because of his use of a firearm in Counts I and II. He contends that stacking mandatory minimum sentences for the use of a firearm in a single criminal episode is prohibited. See Palmer v. State, 438 So.2d 1 (Fla.1983). He argues that the robbery and the aggravated assault in this case, both committed with a firearm, occurred during the same criminal episode. As support for this proposition, he cites section 812.13(3)(a), Florida Statutes (1989) which states that “An act shall be deemed ‘in the course of committing the robbery’ if it occurs in an attempt to commit robbery or in flight after the attempt or commission.”
Appellant also relies upon Jones v. State, 546 So.2d 1134 (Fla. 1st DCA 1989) in which the district court affirmed the defendant’s convictions for armed robbery, armed burglary and kidnapping finding that the offenses had occurred in a single criminal episode and that the consecutive stacking of mandatory minimum sentences was improper. The facts showed that the defendant had entered a business, confined the two employees present to a freezer, forced one of them to drive a getaway car and later released him.
The Jones court relied upon Brown v. State, 542 So.2d 1059 (Fla. 2d DCA 1989) and Brown v. State, 543 So.2d 1295 (Fla. 2d DCA 1989). In each of these cases the same defendant robbed a couple and their neighbor at gunpoint {Brown I) and an individual and her guest at gunpoint (Brown II) and then confined them to a bathroom. The court found in each case that the consecutive stacking of mandatory minimum sentences for the defendant’s use of a firearm was improper, even where there were multiple victims and where the offenses had occurred in a single criminal episode.
*750 The state in the present case responds that the consecutive mandatory minimum sentences are proper because the offenses arose from separate incidents occurring at separate times and places. See Palmer. It relies upon Smith v. State, 463 So.2d 542 (Fla. 5th DCA 1985) (where intent to commit robbery formed long after commission of sexual batteries and where each sexual battery occurred at a different place, offenses not part of a single criminal episode).
The wording of the robbery statute and the court’s decision in Jones, Brown I and Brown II support appellant’s conclusion that the robbery and the aggravated assault in this case occurred during the same criminal episode. See also Holley v. State, 464 So.2d 578 (Fla. 1st DCA 1984), approved, 480 So.2d 94 (Fla.1985); Whitehead v. State, 446 So.2d 194 (Fla. 4th DCA 1984), rev. den., 462 So.2d 1108 (Fla.1985). Appellant’s sentence is reversed and remanded for resentencing.
Appellant contends secondly that the trial court’s sentence for Counts I and II is improper. The trial court sentenced him to a five and one-half year term in Count I and a four and one-half year term in Count II to be served concurrent to the sentence imposed in Count I. The court additionally imposed a six month term in Count II to be served consecutive to the sentence imposed in Count I. Appellant’s sentence for Count II is violative of this court’s decision in Rozmestor v. State, 381 So.2d 324 (Fla. 5th DCA 1980). In that case this court, relying on Segal v. Wainwright, 304 So.2d 446 (Fla.1974), held that a defendant is entitled to serve his sentence in one stretch rather than in bits and pieces. On remand, the trial court in this case is instructed to sentence appellant to a continuous sentence rather than to a sentence to be served in bits and pieces.
SENTENCE VACATED AND CAUSE REMANDED FOR RESENTENCING.
COBB and PETERSON, JJ., concur.