662 So.2d 994 (1995)
Kevin J. ECHELMEIER, Appellant,
v.
STATE of Florida, Appellee.
No. 94-02029.
District Court of Appeal of Florida, Second District.
November 3, 1995.
J.L. "Ray" LeGrande of LeGrande & LeGrande, P.A., Ft. Myers, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Scott A. Browne, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
The defendant appeals his convictions for numerous charges arising out of a residential burglary and the defendant's subsequent flight from the scene. We find merit only in his contention that the trial court erred by imposing consecutive habitual offender sentences.
On January 6, 1993, an off-duty police officer discovered the defendant burglarizing a neighbor's residence. When the officer investigated and attempted to arrest the defendant, the defendant fled the scene in his car. The officer pursued him. During the high speed chase, the defendant's car struck another car. The occupants of the other car, Mr. and Mrs. Andersen, were en route to *995 purchase a ring for their fiftieth wedding anniversary. Mr. Andersen sustained serious injuries and died ninety-eight days after the accident.
After Mr. Andersen died, a grand jury indictment was returned charging the defendant with first degree felony murder (count I), vehicular homicide (count II), first degree burglary while armed (count III), grand theft (count IV), and resisting an officer with violence (count V). Before trial, the state filed a habitual offender notice pursuant to section 775.084, Florida Statutes (1993). The jury found the defendant guilty of second degree murder (a lesser included offense of count I), vehicular homicide (count II), burglary of a dwelling (a lesser included offense of count III), grand theft (count IV), and resisting an officer without violence (a lesser included offense of count V). The trial court did not adjudicate the defendant guilty of vehicular homicide. He was sentenced to time served on the misdemeanor offense (count V). As to the remaining offenses, the trial court sentenced the defendant as a habitual offender to a term of life in prison for second degree murder, thirty years prison for burglary of a dwelling to be served consecutively to the life sentence, and ten years prison for grand theft to be served concurrently with the burglary sentence.
The defendant asserts that the trial court erred by imposing consecutive habitual offender sentences because the offenses were all committed during a single criminal episode. In support of this argument, the defendant cites Hale v. State, 630 So.2d 521 (Fla. 1993), in which the supreme court held that once a defendant's sentences for multiple crimes committed during a single criminal episode have been enhanced through the habitual offender statutes, they may not be further increased by an order that they be served consecutively. The state responds that because the burglary and the murder offenses involve different victims, occurred in separate locations and were separated in time, they are crimes occurring in separate criminal episodes for which consecutive sentences may be imposed. See Woods v. State, 615 So.2d 197 (Fla. 1st DCA 1993).
There is no bright line rule for determining when a criminal episode can be denominated "single" or "separate" for purposes of consecutive sentencing. The focus must be directed to the facts of each case. See Parker v. State, 633 So.2d 72 (Fla. 1st DCA), review denied, 639 So.2d 980 (Fla. 1994). In this case, count I of the indictment charged the defendant with first degree felony murder by alleging that he:
did unlawfully, while engaged in the perpetration of, or in the attempt to perpetrate a burglary, or while escaping from the immediate scene of a burglary, kill and murder Karl Andersen, a human being, by driving a motor vehicle in a manner in which he inflicted fatal injuries upon said Karl Andersen,
Thus, the underlying basis of the felony murder charge was the state's contention that the burglary and the subsequent automobile crash were part of the same criminal episode. Consequently, we conclude that, on these facts, the trial court erred by imposing consecutive sentences for separate offenses committed during a single criminal episode. Accordingly, we reverse and remand with directions that concurrent sentences be imposed.
Reversed and remanded with directions.
THREADGILL, C.J., and RYDER and FULMER, JJ., concur.