790 So.2d 437 (2000)
Paul A. BRANCH, Appellant/Cross-Appellee,
v.
STATE of Florida, Appellee/Cross-Appellant.
No. 1D98-650.
District Court of Appeal of Florida, First District.
March 21, 2000.
Nancy A. Daniels, Public Defender and James Spivey, Assistant Public Defender, Tallahassee, for Appellant/Cross-Appellee.
Robert A. Butterworth, Attorney General, and Charmaine M. Millsaps, Assistant Attorney General, Tallahassee, for Appellee/Cross Appellant.
*438 BROWNING, J.
The appellee/cross-appellant, State of Florida, charged the appellant/cross-appellee, Paul Branch, with two counts of battery of a law enforcement officer, a third-degree felony, arising from post-arrest incidents in which the appellant kicked one officer and hit and kicked another one after a valid traffic stop. A third count involving felony driving while license suspended or revoked was severed. In the prosecution for the batteries, the State filed timely written notice of intent to seek to have the appellant sentenced pursuant to section 775.082(8), Florida Statutes (1997), which provides for an enhanced penalty for prison releasee reoffenders [1]. The trial court found that the appellant qualifies as a prison releasee reoffender under section 775.082(8)(a). After the trial court stated on the record that it was not necessary to impose consecutive sentences in this case, the appellant received concurrent 5-year prison terms. In this direct appeal, the appellant seeks review of his sentence as a prison releasee reoffender. He contends that the Act is facially unconstitutional because it violates seven provisions of the United States Constitution or the Florida Constitution. In its cross-appeal, the State asserts that the trial court misapprehended its sentencing options or erred by imposing the two sentences to run concurrently rather than consecutively. We find no constitutional deficiency in the Act, but we certify the same question of great public importance presented in Woods v. State, 740 So.2d 20 (Fla. 1st DCA), rev. granted, 740 So.2d 529 (Fla. 1999). We affirm the appellant's conviction. Concluding that the trial court did not err in imposing concurrent sentences, we find no merit to the cross-appeal, and we affirm the sentences.

Constitutional Challenges to the Act
The appellant contends, first, that the Act violates the "one subject" or "single subject" rule. Art. III, § 6, Fla. Const. This argument was rejected in Jackson v. State, 744 So.2d 466, 467 (Fla. 1st DCA), rev. granted, 749 So.2d 503 (Fla. 1999); Turner v. State, 745 So.2d 351, 353 (Fla. 1st DCA 1999).
Second, the appellant challenges the Act as a violation of the separation of powers clause. Art. II, § 3, Fla. Const. This argument was found meritless in Woods, in which another panel of our court certified the following question:
DOES THE PRISON RELEASEE REOFFENDER PUNISHMENT ACT, CODIFIED AS SECTION 775.082(8), FLORIDA STATUTES (1997), VIOLATE THE SEPARATION OF POWERS CLAUSE OF THE FLORIDA CONSTITUTION?
740 So.2d at 25. We certify the same question.
Third, the Act is challenged as "void for vagueness" under the United States and Florida Constitutions. This argument was rejected in Woods, 740 So.2d at 23; Crump v. State, 746 So.2d 558 (Fla. 1st DCA 1999); Young v. State, 719 So.2d 1010 (Fla. 4th DCA 1998), rev. den., 727 So.2d 915 (Fla.1999); and Turner, 745 So.2d at 353.
Fourth, the Act is alleged to be a violation of the due process guarantees of the United States and Florida Constitutions in that it supposedly invites arbitrary and discriminatory application by prosecutors. Amend. XIV, § 1, U.S. Const.; Art. I, § 9, Fla. Const. Such a challenge was rejected in Woods, 740 So.2d at 24-25; McKnight v. State, 727 So.2d 314, 319 (Fla. 3d DCA), *439 rev. granted, 740 So.2d 528 (Fla.1999); and Turner, 745 So.2d at 353-54.
Fifth, the appellant asserts that the Act violates the equal protection clauses of the United States and Florida Constitutions. Amend. XIV, § 1, U.S. Const.; Art. I, § 2, Fla. Const. This argument was found meritless in Woods, 740 So.2d at 25; and Turner, 745 So.2d at 353.
Sixth, the application of the Act is challenged as cruel and/or unusual. Amend. VIII, U.S. Const.; Art. I, § 17, Fla. Const. This argument was rejected in Turner, 745 So.2d at 353.
Finally, in the "Summary of Argument" section of his initial brief, the appellant contends that the Act violates double-jeopardy protections. However, absent any argument whatsoever or case law to support this conclusory position, we deem the appellant to have waived this ground to challenge the Act. See Henderson v. State, 569 So.2d 925, 927 (Fla. 1st DCA 1990).

Concurrent Sentencing
In its cross-appeal, the State asserts that the trial court mistakenly believed that it could not impose consecutive prison releasee reoffender sentences. Section 921.16(1), Florida Statutes (1997), states in pertinent part:
A defendant convicted of two or more offenses charged in the same indictment, information, or affidavit ... shall serve the sentences of imprisonment concurrently unless the court directs that two or more of the sentences be served consecutively.
The State sought consecutive 5-year sentences for the two battery convictions, which were charged in the same information. To support its position, the State notes that the prison releasee reoffender statute includes the express "intent of the Legislature that offenders previously released from prison who meet the criteria in paragraph [8](a) be punished to the fullest extent of the law and as provided in this subsection." § 775.082(8)(d)1., Fla. Stat. (1997). The appellant meets the criteria for classification as a prison releasee reoffender, for within three years of his 1996 release from a D.O.C. state correctional facility, he committed battery on a law enforcement officer, a qualifying offense that falls within the ambit of statutory subsection (8)(a)(1)(o), which includes "[a]ny felony that involves the use or threat of physical force or violence against an individual." Given the requisite proof that the appellant is a prison releasee reoffender, the trial court properly relied upon statutory subsection (8)(a)2.d., which mandates "a term of imprisonment of 5 years" for a third-degree felony. Nowhere in section 775.082, Florida Statutes (1997), did the Legislature address consecutive vs. concurrent sentencing, although it could have done so if it had wished. As the trial court was vested with the discretion pursuant to section 921.16(1), Florida Statutes (1997), to sentence the appellant to consecutive or concurrent sentences, and the prison releasee reoffender statute contains no specific provision suggesting a contrary intent, we conclude that the sentencing court exercised its discretion in ordering the two sentences to run concurrently. Contrary to the State's contention that the trial court mistakenly believed it was required to impose the sentences to run concurrently, the record indicates that the court knowingly elected to impose the terms concurrently because consecutive sentences were not "necessary."
The conviction and sentences are AFFIRMED.
BARFIELD, C.J., and LAWRENCE, J., CONCUR.
NOTES
[1] The "Prison Releasee Reoffender Punishment Act," which amended section 775.082, Florida Statutes, took effect on May 30, 1997, the date of the appellant's offenses. Ch. 97-239, Laws of Florida.