PER CURIAM.
We affirm Philmore’s conviction on charges of attempted first-degree murder, robbery with a firearm, and burglary of an occupied structure while armed with a firearm. He was sentenced to consecutive life sentences for these crimes.
We reject Philmore’s challenges to the constitutionality of the prison releasee reoffender act but, as in Simmons v. State, 755 So.2d 682 (Fla. 4th DCA 1999), certify the following question as one of great public importance:
DOES THE PRISON RELEASEE REOFFENDER PUNISHMENT ACT, CODIFIED AS SECTION 775.082(9), FLORIDA STATUTES (1999), VIOLATE THE SEPARATION OF POWERS CLAUSE OF THE FLORIDA CONSTITUTION?
We agree, however, with Philmore’s contention that his consecutive sentences run afoul of Hale v. State, 630 So.2d 521 (Fla.1993), which prohibits imposition of consecutive enhancement sentences for offenses arising out of the same criminal episode. We, therefore, reverse and remand Phil-more’s sentences for modification to concurrent life sentences on all counts, consistent with this opinion.
STONE, POLEN, and GROSS, JJ., concur.