ALTENBERND, Acting Chief Judge.
Keith Edward Jones appeals three consecutive sentences, each of fifteen years’ imprisonment, as a habitual felony offender and a prison releasee reoffender. We affirm.
Mr. Jones was convicted of three counts of lewd and lascivious act on a child. Each count involved a separate victim and a different act. Although all three crimes occurred at the same beach on the same day, the offenses were sufficiently distinct to permit the imposition of consecutive habitual felony offender sentences. See Spratling v. State, 672 So.2d 54 (Fla. 1st DCA 1996); Smith v. State, 632 So.2d 95 (Fla. 2d DCA 1994). Similarly, we see no lawful basis to prohibit consecutive prison releasee reoffender sentences under these circumstances.
Mr. Jones also asserts that the Prison Releasee Reoffender Punishment Act is unconstitutional for a variety of reasons. See ch. 97-239, Laws of Fla., codified in part in § 775.082(8), Fla. Stat. (1997). The supreme court, however, has recently held that the Act is not over-broad, and does not violate the constitutional guarantees of separation of powers, freedom from cruel or unusual punishment, due process, or equal protection. See State v. Cotton, 769 So.2d 345 (Fla. 2000). This court has held that the Act does not violate the single-subject rule, is not an ex post facto law, and that a sentence as both a prison releasee reoffender and a habitual felony offender does not violate the prohibition against double jeopardy. See Grant v. State, 745 So.2d 519 (Fla. 2d DCA 1999), review granted, 761 So.2d 329 (Fla.2000). But see Adams v. State, 750 So.2d 659 (Fla. 4th DCA 1999) (holding sentence as both prison releasee reoffender and habitual felony offender violates double jeopardy). We thus affirm the sentences imposed, but certify conflict with Adams.
Affirmed, conflict certified.
NORTHCUTT and DAVIS, JJ., Concur.