773 So.2d 644 (2000)
Adam Jerome DURR, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-272.
District Court of Appeal of Florida, Fifth District.
December 15, 2000.
*645 James B. Gibson, Public Defender, and Dee Ball, Assistant Public Defender, Daytona Beach, for Appellant.
Adam Jerome Durr, Milton, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Patrick W. Krechowski, Assistant Attorney General, Daytona Beach, for Appellee.
SAWAYA, J.
Adam Jerome Durr appeals a final judgment and sentence finding him guilty of one count of armed robbery with a firearm or deadly weapon and one count of armed burglary of a dwelling. On appeal, Durr contends that section 775.082(8), Florida Statutes (1997), the Prison Releasee Reoffender Act ("the Act"), is unconstitutional. He also contends that the trial court erred in imposing consecutive life sentences pursuant to the Act. We affirm.
People who flaunt their money take the risk, as the victim did in this case, of having an unscrupulous character dispossess them of it. The victim is Kenneth Bradshaw. With his pockets full of cash, Kenneth decided to visit the mother of his child, Keidra Whitfield. The visit took place at the home of Keidra's mother, Eilene Whitfield. Present were Keidra, Eilene, the child, and Ronald Whitfield, Keidra's cousin. At some point during the visit, Keidra asked Kenneth for some money to buy the child diapers. Kenneth withdrew his bundle of money and, in the presence of Ronald, proceeded to flip through it.
Ronald left the apartment, traveled to Gainesville, recruited the services of Durr, and scurried back to the apartment in Palatka with his handy helper in tow to rob Kenneth. Meanwhile, back at the apartment, Keidra and Eilene retired for the night and the unsuspecting Kenneth fell asleep on the couch while watching television. Durr and Ronald arrived and entered the apartment through a back window.
Suddenly, Kenneth was roused by "something heavy to [his] head" and someone saying, "Give it up, where it's at." Kenneth did not immediately recognize the voice of his assailant. Kenneth was then pulled off the couch and forced at gun point to take the attacker to "where it's at." At that time, he was able to identify his attacker as Ronald by the sound of his voice. As Kenneth walked toward Keidra's room, he quickly ducked down, struggled with the gunman, and grabbed the gun. While Kenneth fought for the gun, another man whom Kenneth could not immediately identify struck Kenneth on the head with a heavy object. During the struggle, Kenneth was shot in the wrist and robbed of a necklace with a dollar sign pendant and the money.
Eilene stated that she was awakened by a gunshot in the living room. Upon exiting her room, Eilene saw a shadow and heard another gunshot. She retreated to her room, but an unidentified man came into the room, pointed a gun at her face, and demanded that she "give it up, give it up." Although she did not recognize the individual, Eilene was subsequently able to identify Durr as her attacker by his voice.
After the initial commotion, Keidra and Eilene fled the apartment and summoned the police. Durr was subsequently taken into custody and the money was discovered in his possession. The chain and dollar sign pendant were found under the seat of the patrol car Durr was transported in after he was arrested.
The State filed a notice of intent to seek enhanced penalties against Durr as a habitual felony offender. Additionally, the State filed its notice of intent to seek to have Durr sentenced as a prison releasee *646 reoffender pursuant to section 775.082(9), Florida Statutes (1999). Thereafter, the jury found Durr guilty as a principal to the above-referenced crimes. A sentencing hearing was held and in accordance with section 775.082(8)(a)2., Durr was sentenced to a term of natural life without the possibility of parole for each charge to run consecutively.
Durr contends that the trial court erred in imposing consecutive sentences under the Act and, therefore, his sentence should be reversed and this case remanded for imposition of concurrent sentences. We agree that the consecutive sentences Durr received under the Act are improper because the facts of this case, as set forth in this opinion, clearly show that the crimes Durr was convicted of arose out of the same criminal episode. In Hale v. State, 630 So.2d 521 (Fla.1993), the supreme court held that it is improper to impose consecutive habitual offender sentences for crimes arising out of the same criminal episode. The rationale of Hale applies equally to consecutive sentences imposed under the Act. See Philmore v. State, 760 So.2d 1063 (Fla. 4th DCA 2000); see also Jones v. State, 25 Fla. L. Weekly D2497, ___ So.2d ___, 2000 WL 1532901 (Fla. 2d DCA Oct.18, 2000) (stating that when each count involves separate victims and a different act, "we see no lawful basis to prohibit consecutive prison releasee reoffender sentences under these circumstances."). Thus Durr's consecutive sentences are improper.[1]
Although Durr's sentences are improper, he did not object in the trial court and properly preserve this issue so this court could reverse the sentence on direct appeal. The record in the instant case shows that Durr filed his initial brief on May 15, 2000, well after the window period of Maddox v. State, 760 So.2d 89 (Fla. 2000) closed on January 13, 2000. Therefore, Durr will have to pursue relief in post conviction proceedings and ask the trial judge to correct the error.
Durr alleges that the Act is unconstitutional because it violates 1) the separation of powers doctrine; 2) the single subject rule; 3) the equal protection clause; 4) the due process clause; and 5) the prohibition against double jeopardy. He also claims that the Act is unconstitutionally vague. The Florida courts have addressed each of these issues relating to the Act and have found it constitutional. See Grant v. State, 770 So.2d 655 (Fla. 2000) (holding that the Act does not violate the single subject requirement or the equal protection clause); State v. Cotton, 769 So.2d 345 (Fla.2000) (holding that the Act does not violate substantive due process or the separation of powers doctrine); Rollinson v. State, 743 So.2d 585 (Fla. 4th DCA 1999) (holding that the Act does not violate the separation of powers doctrine, the single subject requirement, substantive due process, procedural due process, or the equal protection clause), rev. granted, 761 So.2d 331 (Fla.2000); Miller v. State, 751 So.2d 115 (Fla. 1st DCA) (holding that the Act is not void for vagueness, does not violate the separation of powers doctrine *647 or the single subject rule, and does not violate the constitutional requirements of due process and equal protection), rev. granted, 761 So.2d 330 (Fla.2000); Woods v. State, 740 So.2d 20 (Fla. 1st DCA 1999) (holding that the Act is not unconstitutionally vague and does not violate the equal protection clause or the separation of powers doctrine), approved, State v. Cotton, 769 So.2d 345 (Fla.2000). In accordance with these decisions, we conclude that there are no constitutional infirmities in the Act as alleged by Durr.
Durr argues that the Act violates the prohibition against double jeopardy because "[i]f a court imposes a reoffender sentence and then declares a defendant a habitual offender, a habitual violent offender, or a violent career criminal, the defendant could receive two separate and distinct sentences for the same offense." However, in the instant case, the trial court did not sentence Durr as both a prison releasee reoffender and a habitual offender or a violent career criminal. Durr was sentenced only as a prison releasee reoffender for each count of the information. Therefore, we conclude that the double jeopardy argument raised by Durr in the instant case is without merit. See Grant.
AFFIRMED.
COBB and PLEUS, JJ., concur.
NOTES
[1] The State argues that we should affirm the sentence in accord with Branch v. State, 25 Fla. L. Weekly D751, ___ So.2d ___, 2000 WL 289731 (Fla. 1st DCA Mar. 21, 2000) which held that trial courts have discretion pursuant to section 921.16(1), Florida Statutes (1997) to impose a consecutive sentence under the Act for each count of the information. We disagree with the decision in Branch to the extent that it suggests that consecutive sentences may be imposed under the Act for crimes arising out of the same criminal episode. Section 921.16(1) is an integral part of the Criminal Punishment Code and applies to guidelines sentences imposed pursuant to the Code. Furthermore, the Act specifically provides in section 775.082(8)(a)2., Florida Statutes (1997) that upon proof "that a defendant is a prison releasee reoffender as defined in this section, such defendant is not eligible for sentencing under the sentencing guidelines...." Although trial courts may impose consecutive sentences under the Act if the crimes do not arise out of the same criminal episode, section 921.16(1) may not be used to impose such sentences when the crimes do arise out of the same criminal episode.