HARRIS, J.
On the initial appeal, we refused to consider certain alleged sentencing errors because of our holding in Maddox v. State, 708 So.2d 617 (Fla. 5th DCA 1998). Because Maddox was reversed, these unresolved issues have been remanded to us for consideration. See Stovall v. State, 768 So.2d 444 (Fla.2000). Further, in the interim, the supreme court decided State v. Thompson, 750 So.2d 643 (Fla.1999), which must now be considered in deciding the propriety of the original sentence.
We agree that it was error for the trial court to enter consecutive habitual offender sentences for crimes committed during the same criminal episode. See State v. Hill, 660 So.2d 1384 (Fla.1995). We also find the court erred in ordering consecutive three year minimum mandatory sentences for possession of a firearm on sentences for crimes committed during the same criminal episode. See Preyer v. State, 575 So.2d 748 (Fla. 5th DCA 1991). Finally, pursuant to Thompson, we find that it was error to impose habitual felony offender sentences on life felonies under chapter 95-182.
We therefore reverse and remand for resentencing consistent with this opinion.
REVERSED and REMANDED.
COBB and PLEUS, JJ., concur.