804 So.2d 572 (2002)
Johnny L. WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-496.
District Court of Appeal of Florida, Fifth District.
January 18, 2002.
*573 James B. Gibson, Public Defender, and Lyle Hitchens, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robert E. Bodnar, Jr., Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, J.
Williams appeals his sentences on Count 1, robbery with a weapon, for life under the Habitual Violent Felony Offender Act ("HVFO") and 30 years under the Prison Releasee Reoffender Act ("PRR"), and Count 2, aggravated battery, for 15 years under PRR, consecutive to Count 1. He argues that the trial court erred in imposing both a PRR and HVFO sentence for the robbery and a consecutive PRR sentence for the aggravated battery committed in the same criminal episode as the robbery.[1] We find no error with respect to the imposition of the dual sentence for the robbery but reverse the aggravated battery sentence and remand for resentencing on that count.
Williams argues that the trial court erred by imposing concurrent sentences of life and 30 years on Count 1, robbery with a weapon. This issue has been resolved against Williams in Grant v. State, 770 So.2d 655 (Fla.2000) and Kimbrough v. State, 776 So.2d 1055 (Fla. 5th DCA 2001), which hold that a defendant may receive two enhanced sentences for a single offense-one under PRR, and the other under the Habitual Felony Offender Act ("HFO"), "so long as the HFO sentence results in a greater sentence." Kimbrough at 1057. The only distinction between this case and Grant and Kimbrough is that Williams was sentenced as an HVFO, not an HFO. This distinction does not change our analysis because both designations are enhancements under section 775.084, Florida Statutes (2001).[2] Because Williams' HVFO sentence of life exceeds his PRR sentence of 30 years, the sentence is legal. In effect, the concurrent PRR sentence acts as a minimum mandatory condition of the HVFO sentence. Kimbrough, 776 So.2d at 1057.
Williams next argues that the trial court erred by imposing consecutive PRR sentences on Counts 1 and 2 because the two offenses arose from a single criminal episode. Consecutive sentences for crimes arising from the same criminal episode under the PRR Act are not permitted. Smith v. State, 773 So.2d 1278, 1280 (Fla. 5th DCA 2000); Durr v. State, 773 So.2d 644 (Fla. 5th DCA 2000); contra, Branch v. State, 790 So.2d 437 (Fla. 1st DCA 2000).
The state argues that these crimes were committed during separate criminal episodes because they involved different elements and separate victims. The fact that the crimes have separate elements of proof is not controlling. See Parker v. State, 633 So.2d 72 (Fla. 1st DCA 1994). There is some support for the state's argument that crimes involving different victims may be considered separate criminal episodes; however, the relied upon cases involve multiple discharges of a firearm against multiple victims. See, e.g., State v. Thomas, 487 So.2d 1043 (Fla.1986); Lifred *574 v. State 643 So.2d 94 (Fla. 4th DCA 1994) ("in the case of multiple discharges of a firearm at multiple victims, there are, by definition, separate violations of each victim's rights").
There is no bright line test for distinguishing a single criminal episode from separate criminal episodes. See Echelmeier v. State, 662 So.2d 994 (Fla. 2d DCA 1995). Rather, the court must focus on the facts of each case. Id. In making such determinations, courts have considered factors such as the nature, time, place and number of victims involved. See Smith v. State, 650 So.2d 689, 691 (Fla. 3d DCA 1995). Whether the two offenses were committed during a single criminal episode is a question of fact. See Colson v. State, 678 So.2d 1354 (Fla. 1st DCA 1996). Under our standard of review, we must affirm the sentence if the trial court applied the correct rule of law and its findings are supported by competent substantial evidence. State v. Glatzmayer, 789 So.2d 297 n. 7 (Fla.2001).
We conclude that the trial court did not apply the correct rule of law and that the ruling is not supported by competent substantial evidence. It is apparent from the record that the state, defense, and court agreed that both offenses were committed during one criminal episode. At the sentencing hearing, the prosecutor acknowledged that "if a person is charged in one case for a particular criminal episode that involves more than one count you cannot that you cannot stack the Habitual Sentences," but then argued that he could find "no case law that says that you can't sentence somebody only as a Prison Releasee Reoffender and run that time consecutive to another charge out of a criminal episode." The court accepted the state's argument, acknowledging that consecutive habitual offender sentences for crimes committed during the same criminal episode would be illegal under Hale v. State, 630 So.2d 521 (Fla.1994), but noting that Hale involved "consecutive habitual offender sentences, as opposed to this as a consecutive PRR sentencing."
Apparently, neither the state nor the trial court were aware of our then recent opinions in Smith and Durr, which prohibit consecutive PRR sentences for crimes committed in a single criminal episode.[3]
Even if the state had not conceded the point below, it is clear from the face of the record that the crimes in the instant case were committed in a single criminal episode. Specifically, we note that Williams entered a Dollar General Store, grabbed Shaquita Nelson, put a knife to her neck, pushed her into the office where he demanded money from her and from the assistant manager, Shirley Scott. Williams then left the store with the money. In Durr, the defendant unlawfully entered a woman's apartment and robbed a male visitor who was sleeping on the couch. The defendant was convicted of armed burglary and armed robbery. Like the present case, the crimes had different elements and different victims. Nevertheless, we held that the facts clearly showed that the crimes arose out of a single criminal episode. Durr, 773 So.2d at 645. In Preyer v. State, 575 So.2d 748 (Fla. 5th DCA 1991), the defendant threatened the victim with a gun and took her purse as she was getting into her car. The victim's husband jumped out of the car and chased the defendant, who turned and shot at the husband. The defendant was later apprehended and convicted of robbery with a *575 firearm, aggravated assault with a firearm and attempted aggravated battery. We held the consecutive mandatory minimum sentences improper because the crimes occurred during a single criminal episode. Id. at 749. See also Jones v. State, 546 So.2d 1134 (Fla. 1st DCA 1989).
We find that the offenses in this case, as in Durr and Preyer, were committed during the same criminal episode. Accordingly, we reverse the consecutive PRR sentence for aggravated battery and remand for resentencing.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
PETERSON and GRIFFIN, JJ., concur.
NOTES
[1] Williams also argues that the state failed to prove he qualified for a PRR sentence. We find no merit in this argument.
[2] The PRR Act, in subsection 775.082(9)(c), Florida Statutes (1999) states: "Nothing in this subsection shall prevent a court from imposing a greater sentence of incarceration as authorized by law, pursuant to s. 775.084 or any other provision of law."
[3] The Durr opinion was released on December 15, 2000. The sentencing hearing in the instant case occurred on January 19, 2001.