829 So.2d 984 (2002)
Michael ROBINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-1301.
District Court of Appeal of Florida, First District.
November 7, 2002.
Michael Robinson, pro se.
Robert A. Butterworth, Attorney General, and Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges the trial court's order summarily denying his rule 3.850 motion. The appellant brings three claims: (1) his plea was involuntary where he did not know that he would be sentenced under the prison releasee reoffender *985 act and that he would receive consecutive sentences, (2) his counsel was ineffective by advising him to plead and failing to advise him that he would receive consecutive sentences, and (3) his sentence is illegal in that he received consecutive sentences as a prison releasee reoffender when his crimes were part of a single criminal episode. We affirm the trial court's summary denial of the appellant's first two claims because they are refuted by the record. We write only to discuss the appellant's third claim, that his sentence is illegal in that he received consecutive sentences as a prison releasee reoffender when his crimes were part of a single criminal episode. As to that issue, we reverse and remand with instructions.
The supreme court in Hale v. State, 630 So.2d 521, 524-25 (Fla.1993), cert. denied, 513 U.S. 909, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994), held that a defendant's sentences for multiple crimes arising from a single criminal episode cannot be both enhanced under the habitual offender statute and imposed consecutively. This court has not addressed whether Hale similarly applies to prohibit consecutive sentences where the sentences for single criminal episode crimes were already enhanced through the prison releasee reoffender act. See § 775.082(9), Fla. Stat. (1997). The Fourth and Fifth District Courts of Appeal both apply Hale to prison releasee reoffender sentences to prohibit consecutive sentences where the crimes are part of a single criminal episode. See Williams v. State, 804 So.2d 572, 573-74 (Fla. 5th DCA 2002); Smith v. State, 800 So.2d 703, 703-04 (Fla. 5th DCA 2001); Durr v. State, 773 So.2d 644, 646 (Fla. 5th DCA 2000); Philmore v. State, 760 So.2d 239, 240 (Fla. 4th DCA 2000); McIntyre v. State, 757 So.2d 1288, 1288 (Fla. 4th DCA), review dismissed, 767 So.2d 458 (Fla.2000). See also Spivey v. State, 789 So.2d 1087, 1088 n. 1 (Fla. 2d DCA 2001) (applying Hale to violent career criminal sanctions). We adopt the reasoning of the Fourth and Fifth District Courts of Appeal and hold that Hale applies to prison releasee reoffender sentences.
This court's decision in Branch v. State, 790 So.2d 437 (Fla. 1st DCA 2000), does not require a contrary result. Branch stands for the general proposition that because the prison releasee reoffender act does not determine whether sentences under it are to be concurrent or consecutive, and because section 921.16(1), Florida Statutes (1997), vests discretion in the trial court to sentence defendants to either concurrent or consecutive sentences, both types of sentences are permitted under the prison releasee reoffender act. Id. at 439. Branch did not address the issue of whether consecutive sentences for a single criminal episode are permitted under the prison releasee reoffender act, or barred under the reasoning of Hale. Furthermore, there is no indication that the crimes involved in Branch arose under the course of a single criminal episode. The Fifth District Court of Appeal has correctly distinguished Branch in the situation where the crimes are part of a single criminal episode, finding that Hale applies in this situation to preclude consecutive sentences for prison releasee reoffenders. Durr, 773 So.2d at 646 n. 1; Williams, 804 So.2d at 573.
We accordingly reverse the summary denial of this claim and remand with instructions for the trial court either to refute the appellant's claim with record attachments or to conduct an evidentiary hearing.
AFFIRMED IN PART and REVERSED IN PART.
ERVIN, BOOTH and BROWNING, JJ., CONCUR.