832 So.2d 203 (2002)
Durwin TORBERT, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-4331.
District Court of Appeal of Florida, Fourth District.
December 4, 2002.
*204 Durwin Torbert, Madison, pro se.
Richard E. Doran, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Durwin Torbert (Appellant) appeals the summary denial of his rule 3.850 motion for post-conviction relief. We affirm without prejudice to his right to re-file his motion.
Appellant was charged with attempted felony murder and kidnaping, pleaded guilty to the lesser offenses of felony battery and false imprisonment, and was sentenced pursuant to a negotiated plea agreement to a mandatory five-year term for each count, consecutively, under the Prison Releasee Reoffender Act (PRRA).[1] He filed the instant motion seeking resentencing, arguing that the consecutive sentencing for the two counts was illegal because the offenses arose from the same criminal episode. See Hale v. State, 630 So.2d 521 (Fla.1993), cert. denied, 513 U.S. 909, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994)(prohibiting imposition of consecutive enhancement sentences for offenses arising out of the same criminal episode); Philmore v. State, 760 So.2d 1063 (Fla. 4th DCA 2000)(applying Hale to consecutive sentences imposed under the PRR Act). See also Smith v. State, 824 So.2d 263 (Fla. 2d DCA 2002); Williams v. State, 804 So.2d 572 (Fla. 5th DCA 2002); Durr v. State, 773 So.2d 644 (Fla. 5th DCA 2000).
While there is no bright line test for determining when multiple crimes arise from one criminal episode, courts generally consider factors such as the nature, time, place, and number of victims. See Wilcher v. State, 787 So.2d 150 (Fla. 4th DCA 2001). In this case, the factual basis presented at the plea colloquy was as follows: appellant went to the victim's home, where she informed him she wanted to break up with him; they had a verbal dispute; appellant forced the victim into his car, falsely imprisoning her; while driving her down an interstate highway, he battered her. The probable cause affidavit, which the state attached to its response, reflects that the injuries were inflicted when the victim tried to escape from the vehicle. Appellant *205 grabbed her to keep her from getting out, and then choked and bit her while she was still in the vehicle. These facts tend to show that the crimes for which appellant was convicted arose out of the same criminal episode.
The dissent, however, concludes that appellant waived his objection to a possible Hale violation by entering into a negotiated plea agreement. In so concluding, the dissent relies on Novaton v. State, 634 So.2d 607 (Fla.1994), and Melvin v. State, 645 So.2d 448 (Fla.1994). In Novaton, the supreme court held that the defendant's entry into a bargained guilty plea waived his double jeopardy objections to multiple sentences. The court explained that the general rule is that a plea of guilty precludes a later double jeopardy attack on the conviction and sentence, but the court noted an exception to this general rule when (a) the plea is a general plea as distinguished from a plea bargain; (b) the double jeopardy violation is apparent from the record; and (c) there is nothing in the record to indicate a waiver of the double jeopardy violation. Id. at 609.
Here, however, the defendant is not attacking his sentence on double jeopardy grounds. Rather, appellant argues that the consecutive PRR sentences are illegal because the offenses arose out of the same criminal episode. We have previously held that a defendant's right to challenge an illegal sentence is not waived by the fact that the sentence was the result of a negotiated plea. See Cheney v. State, 640 So.2d 103 (Fla. 4th DCA 1994)(citing Purvis v. Lindsey ex rel. State, 587 So.2d 638 (Fla. 4th DCA 1991)).
Further, even if we were to apply Novaton to the circumstances of this case, we could not conclude from the record that appellant knowingly waived the Hale violation. There was no discussion on the record about whether the offenses arose from the same criminal episode and no stipulation that they did not. Moreover, the record indicates that the plea negotiations may have proceeded upon a mistaken premise that consecutive sentences could be imposed for the offenses.[2] In pronouncing sentence, the trial judge told appellant, "You are being sentenced as a PRR with the mandatoryI don't have any choice, five years on each case to run consecutive. I mean I do have a choice, whether it is consecutive or not."
We affirm the denial of appellant's rule 3.850 motion, however, because appellant sought only a sentence reduction; he did not request to withdraw his guilty plea or allege that it was not voluntarily and intelligently entered. Our affirmance is thus without prejudice to appellant's right to refile his rule 3.850 motion seeking the alternative relief of plea withdrawal. However, if appellant files such a motion and the trial court determines that appellant is entitled to relief under Hale and Philmore, the state must be given the option of proceeding to trial on the original charges or having appellant re-sentenced. See Hawes v. State, 712 So.2d 834 (Fla. 4th DCA 1998)(holding that if re-sentencing contravenes plea bargain, state should have option of vacating conviction and retrying defendant); Cheney, 640 So.2d at 105 (citing Jolly v. State, 392 So.2d 54, 56 (Fla. 5th DCA 1981)(holding that where sentence is reduced in contravention of plea bargain, state should be given option of either agreeing to vacation of judgment and sentence and taking defendant to trial on all original charges or agreeing to vacation of excessive sentence only)).
*206 Because the time for filing a rule 3.850 motion expired while this case was pending on appeal, appellant shall have thirty days from the issuance of this court's mandate in which to file such motion, which shall be deemed timely filed.
POLEN, C.J., and TAYLOR, J. concur.
STONE, J., concurs in part and dissents in part with opinion.
STONE, J., concurring in part and dissenting in part.
I concur in affirming, but do not agree with the conclusion that Philmore is controlling or that Hale is applicable to the sentence imposed in accordance with the plea agreement. Patently, we do not know how the facts might have been modified by trial testimony. Although double jeopardy is not the issue asserted, it seems to me that the reasoning in Melvin v. State, 645 So.2d 448 (Fla.1994) and Novaton v. State, 634 So.2d 607 (Fla.1994) is applicable here and that Appellant's argument has been waived by his negotiated plea.
NOTES
[1] This sentence was to run concurrent with a ten-year sentence imposed for violation of probation in another case.
[2] Appellant entered into this plea agreement on January 20, 2000, six months before we decided that Hale applied to consecutive PRR sentences.