VAN NORTWICK, J.
Corry Jerod Preston appeals his convictions and sentences for battery and two counts of aggravated stalking. We affirm his convictions without further comment. We agree with Preston, however, that it was error to impose consecutive sentences for the two counts of aggravated stalking. Preston was sentenced as a prison releasee reoffender (PRR) and PRR sentences may not be ordered to run consecutively when the crimes were committed during a single criminal episode. Robinson v. State, 829 So.2d 984, 985 (Fla. 1st DCA 2002).
The state’s amended information against Preston charged burglary with battery, and two counts of aggravated stalking, one based upon a violation of court order contrary to section 784.048(4), Florida Statutes (2009), and one based upon making a credible threat contrary to section 784.048(3), Florida Statutes (2009). Krystal L. Foxworth and her mother Willa Dean Foxworth, were alleged as the alternative victims in both stalking counts. With respect to Count II, charging aggravated stalking by a violation of a court order, the jury determined only Krystal was a victim. With respect to Count III, charging aggravated stalking by credible threat, the jury determined Krystal and her mother were victims. Appellant was convicted of simple battery which was enhanced to a felony because of a prior misdemeanor battery. He qualified as a prison releasee reoffender and was sentenced to five years each on the three convictions to run consecutively.
Section 784.048(1) of the stalking statute contains the definitions of “harass,” “course of conduct,” and “credible threat.” “Harass” means engaging “in a course of *994 conduct directed at a specific person that causes substantial emotional distress in such person and serves no legitimate purpose.” § 784.048(l)(a). “Course of conduct” is “a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose.” § 784.048(l)(b). A “credible threat” is “a threat made with the intent to cause the person who is a target of the threat to reasonably fear for his or her safety. The threat must be against the life of, or a threat to cause bodily injury to, a person.” § 784.048(l)(c).
Section 784.048(3) provides in pertinent part:
(3) Any person who willfully, maliciously, and repeatedly follows, harasses or cyberstalks another person and makes a credible threat with the intent to place that person in reasonable fear of death or bodily injury of the person or the person’s child, sibling, spouse, parent, or dependent commits the offense of aggravated stalking, a felony of the third degree ...
Section 784.048(4) provides in pertinent part:
(4) Any person who, after an injunction for protection against repeat violence, sexual violence, or dating -violence pursuant to s. 784.046, or an injunction for protection against domestic violence pursuant to s. 741.30, or after any other court-imposed prohibition of conduct toward the subject person or that person’s property, knowingly, willfully, maliciously, and repeatedly follows, harasses, or cyberstalks another person commits the offense of aggravated stalking, a felony of the third degree ...
In both counts of the amended information, the State charged that the offending conduct occurred “from on or about April 16, 2010 and continuing through on or about.”
Imposition of consecutive enhancement sentences for offenses arising out of the same criminal episode is prohibited. Hale v. State, 630 So.2d 521 (Fla.1993), cert. denied, 513 U.S. 909, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994). This court has extended Hale to PRR sentences. Robinson, 829 So.2d at 985.
As the State recognizes, there is no bright-line test for distinguishing a single criminal episode from separate criminal episodes. Torbert v. State, 832 So.2d 203, 204 (Fla. 4th DCA 2002). Courts look at the nature of the crimes, time, place and number of victims involved. Id. Specifically, the courts must consider “whether separate victims are involved, whether the crimes occur in separate locations, and whether there has been a temporal break between the incidents.” Woods v. State, 615 So.2d 197, 199 (Fla. 1st DCA 1993) (addressing permissibility of consecutive minimum mandatory sentences). “The fact that the crimes have separate elements of proof is not controlling.” Williams v. State, 804 So.2d 572, 573 (Fla. 5th DCA 2002).
Here, there were two victims. However, the harassing occurred during the same time period, on or about April 16 and the two days preceding. The State charged a course of conduct that occurred during the same time period. There was no significant temporal break as the credible threat (threatening phone calls) occurred in one continuous episode of harassing behavior. Although double jeopardy does not apply because the crimes contain different elements, that is not the test. Compare Eichelberger v. State, 949 So.2d 358 (Fla. 2d DCA 2007) (holding double jeopardy precluded three separate convictions of aggravated stalking where the State charged the defendant for an ongoing course of conduct that *995 occurred during a single time period even though defendant used different means to harass — telephone messages, letters, and approaching within 500 feet of the victim’s residence).
Because the crimes in this case did not occur in separate locations and there was no temporal break between the instances, we conclude that, based on the facts adduced in this case, consecutive PRR sentences for the stalking counts was error.
AFFIRMED in part, REVERSED in part, and REMANDED for resentencing.
BENTON, C.J. and WOLF, J., concur.