745 So.2d 1119 (1999)
Donald L. THOMAS, Petitioner,
v.
STATE of Florida, Respondent.
No. 99-2834.
District Court of Appeal of Florida, Fifth District.
December 10, 1999.
Donald L. Thomas, Madison, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Mary G. Jolley, Assistant Attorney General, Daytona Beach, for Respondent.
COBB, J.
Petitioner, Donald L. Thomas, alleges ineffective assistance of appellate counsel for not raising a double jeopardy issue on appeal. See Fla. R.App. P. 9.140(j). Thomas was convicted of two counts of a lewd and lascivious act in the presence of a child. At sentencing on June 8, 1998, the prosecutor presented evidence that Thomas qualified as both a violent career criminal and as a prison releasee reoffender. See generally, §§ 775.084(1)(d) and 775.082(9), Fla. Stat. (1999). When asked to respond, defense counsel indicated that the prosecutor had to elect an enhancement, and further argued that the Prison Releasee Reoffender Act was unconstitutional.
The trial court declared that Thomas was a violent career criminal and sentenced him to thirty years incarceration on each count, to run concurrently. The trial court also found Thomas to be a prison releasee reoffender and orally pronounced a fifteen year term of imprisonment on each count, to run concurrently with his violent career criminal sentences. After sentence was imposed, defense counsel raised an objection as to the "double sentencing." The trial judge overruled the objection, stating that he did not think that double jeopardy would prohibit the sentencing scheme, and added that the appellate court would review it and might make some decision on it.
On direct appeal, appellate counsel filed an Anders brief, and the double jeopardy issue was not raised. Although the initial brief stated that the court found Thomas to be a prison releasee reoffender, the brief did not mention that the court imposed fifteen year sentences in addition to the thirty year sentences.
It is fundamental that a person cannot be sentenced twice for the same offense, yet in this case that is precisely what happened when the judge imposed two sentences for each conviction. This was a violation of the constitutional prohibition *1120 against double jeopardy.[1]See Adams v. State, 24 Fla. L. Weekly D2394, ___ So.2d ___ (Fla. 4th DCA Oct. 20, 1999). A double jeopardy violation constitutes fundamental error,[2] and appellate counsel was ineffective for failing to raise this issue on appeal.
The petition alleging ineffective assistance of appellate counsel is granted. As the record before us shows that Thomas was sentenced twice for each offense, it would serve no useful purpose to allow a second appeal. Cf. Johnson v. Wainwright, 498 So.2d 938 (Fla.1986). We therefore vacate the fifteen year PRR sentences. See § 775.082(9)(c), Fla. Stat. (1999).
PETITION GRANTED; SENTENCES VACATED.
PETERSON and THOMPSON, J.J., concur.
NOTES
[1] See generally, U.S. Const. amend. V; Art. I, § 9, Fla. Const.
[2] See Lippman v. State, 633 So.2d 1061 (Fla. 1994); State v. Johnson, 483 So.2d 420 (Fla. 1986).