ON MOTION FOR REHEARING

PER CURIAM.
We grant the state’s motion for rehearing, withdraw our original opinion of July 5, 2000, and substitute the following:
Ted Parker appeals after a jury convicted him of stalking, aggravated stalking, and exposure of his sexual organs. Although the court orally pronounced him as a prison releasee reoffender, its written order reflected that he was sentenced as both an habitual felony offender and as a prison releasee reoffender. We affirm his conviction. However, as the imposition of a sentence under both the prison releasee reoffender and habitual felony offender statutes violates double jeopardy principles, Adams v. State, 750 So.2d 659, 662 (Fla. 4th DCA 1999), we reverse the written sentence and remand the case in order for the trial court to enter a written order that conforms to its oral pronouncement at sentencing.
Parker also challenges the Prison Re-leasee Reoffender Act as violative of the equal protection, due process, separation of powers, and single subject clauses of the Florida Constitution. However, the supreme court has recently held that the Act is constitutional. State v. Cotton, 25 Fla. L. Weekly S463, — So.2d -, 2000 WL 766521 (Fla. June 15, 2000).[1]
As to all other issues raised on appeal, we affirm as unpersuasive.
AFFIRMED in part; REVERSED in part and REMANDED.
POLEN, KLEIN and HAZOURI, JJ., concur.

. We note in dicta that Parker does not have standing to make the single subject argument because he committed .these crimes after the Act was codified on May 30, 1997. Once reenacted as a portion of the Florida statutes, a chapter law is no longer subject to challenge on this ground. State v. Johnson, 616 So.2d 1, 2 (Fla.1993).