776 So.2d 1055 (2001)
Wanda KIMBROUGH, Appellant,
v.
STATE of Florida, Appellee.
No. 5D99-2256.
District Court of Appeal of Florida, Fifth District.
February 2, 2001.
James B. Gibson, Public Defender, and Brynn Newton, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Angela D. McCravy, Assistant Attorney General, Daytona Beach, for Appellee.
HARRIS, J.
Kimbrough was convicted of resisting an officer with violence, a third degree felony with a statutory maximum of five years in prison. This statutory maximum is subject to enhancement under two separate and independent provisions: section 775.082(a), Fla. Stat.[1] (prison releasee reoffender) and section 775.084, Fla Stat.[2] (habitual felony *1056 offender). Because of her varied and extensive experience, Kimbrough was able to qualify as both a prison releasee reoffender and as an habitual felony offender. The trial judge took advantage of this and sentenced her to a term of 72 months in prison both as an habitual offender and a prison releasee reoffender. The issue is, of course, whether it is appropriate to receive two enhanced sentences, one under PRR and the other under HFO, for a single offense.
At the time this sentence was entered, the appellate courts disagreed as to whether the trial court could enter enhanced sentences under both the PRR and the HFO provisions for a single offense. This court in Thomas v. State, 745 So.2d 1119 (Fla. 5th DCA 1999), and in Lewis v. State, 751 So.2d 106 (Fla. 5th DCA 1999), held that the trial court could not. This was consistent with the holding from the Fourth District in Adams v. State, 750 So.2d 659 (Fla. 4th DCA 1999). The supreme court seemed inclined in that direction when it held in State v. Cotton, 769 So.2d 345, 354 (Fla.2000):
If a defendant is eligible for a harsher sentence "pursuant to [the habitual offender statute] or any other provision of law," the court may, in its discretion, impose the harsher sentence. (Emphasis added.)
A contrary result was reached in Grant v. State, 745 So.2d 519 (Fla. 2d DCA 1999).
The dispute centered on the language contained in section 775.082(9)(c), Florida Statutes:
Nothing in this subsection shall prevent a court from imposing a greater sentence of incarceration as authorized by law, pursuant to s. 775.084 or any other provision of law. (Emphasis added.)
This provision raises two questions. One, exactly what did the legislature mean by the term "greater sentence?" Two, may this greater sentence be an additional sentence for the same offense or must it be an alternative sentence?
Under the first question, did the legislature mean by "greater sentence" that sentence which is greater in years (ten as opposed to five) or that sentence which will result in longer incarceration? For example, a minimally enhanced sentence under the HFO provision with its attendant gain time (say 65 months as opposed to 60 months) may result in less time than the required statutory maximum sentence without benefit of gain time required by the PRR provision. Under the second question, since the legislature authorized a greater sentence and not, at least specifically, an additional sentence, did it mean to permit multiple sentences for the same offense?
It would appear that multiple sentences are unnecessary in order to assure that defendant will serve the greatest possible time under either HFO or PRR. If the defendant is sentenced under HFO so that even with gain time his or her sentence will exceed the statutory maximum sentence for the offense, additional sentencing under PRR becomes redundant and unnecessary, its total effect subsumed in the greater HFO sentence. On the other hand, if the sentence under the HFO will result in the same as or less than the statutory maximum for the offense, then it is the HFO sentence which becomes redundant and unnecessary because it will be totally subsumed by the PRR sentence. The problem, if it is a problem, of multiple sentences for the same offense can be avoided if the State's Attorney, the person empowered by the legislature to exercise his or her discretion in this matter, would simply determine which provision guarantees the greater sentence and proceed accordingly.
But these questions have now become academic. In Grant v. State, 770 So.2d 655 (Fla.2000), the supreme court approved the approach taken by the Second *1057 District by holding that one can receive two sentences for a single offense so long as the HFO sentence results in a greater sentence.[3] In such case, the concurrent sentence received by defendant under PRR will have the effect of a minimum mandatory condition of defendant's sentence under HFO.[4]
In our case, the court entered a single sentence of 72 months relying on both HFO and PRR. Because we are sure the trial judge realized that PRR authorizes a maximum sentence of five years for a third degree felony, we assume that he meant that the PRR prohibition against gain time should apply only to the first 60 months of the sentence. However, the judgment appears to sentence defendant to 72 months under the PRR, which would be an illegal sentence.
Thus we affirm but remand to the trial court to correct the judgment to reflect the limited term of the PRR sentence.
REVERSED and REMANDED for resentencing.
THOMPSON, C.J., and SAWAYA, J., concur.
NOTES
[1] If one commits a third degree felony and is shown to qualify as a prison releasee reoffender, the court must sentence defendant to 5 years in prison and the defendant must serve 100% of that sentence.
[2] If one commits a third degree felony and is shown to qualify as an habitual felony offender, the court may sentence the defendant to up to 10 years in prison.
[3] In Albernaz v. United States, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981), the United States Supreme Court recognized consecutive sentences for separate offenses arising from the same act, but here we have separate sentences for a single offense. The opinion in Grant is somewhat unclear. The early part of the opinion speaks of defendant having received "one sentence of fifteen years as a[n] habitual felony offender with a mandatory minimum term of fifteen years as a prison releasee reoffender" and another portion of the opinion refers to defendant's having received "equal concurrent sentences." Perhaps the court is merely stating the obvious, that if the two sentences are imposed concurrently, the effect of the PRR sentence will be as a minimum mandatory to a greater HFO sentence.
[4] Query: If by enacting PRR the legislature intended that two sentences are appropriate for a single offense, and we now know it did, then why should not the trial court have the discretion to make such sentences, pursuant to Missouri v. Hunter, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983), consecutive so that a qualifying defendant who commits a third degree felony will face 15 years in prison? The PRR sentence will still serve as a minimum mandatory requirement of the "sentence." And by structuring the "sentence" in this fashion, the additional HFO sentence will always constitute a "greater sentence."