793 So.2d 1003 (2001)
STATE of Florida, Appellant,
v.
Wade H. WILSON, Appellee.
No. 2D00-512.
District Court of Appeal of Florida, Second District.
June 20, 2001.
*1004 Robert A. Butterworth, Attorney General, Tallahassee, and Patricia E. Davenport, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and William L. Sharwell, Assistant Public Defender, Bartow, for Appellee.
STRINGER, Judge.
The State challenges a sentence imposed under the Prison Releasee Reoffender Punishment Act ("PRRPA"). Because we conclude that the defendant could not be sentenced under the sentencing guidelines, we affirm.
Wade Wilson pleaded guilty in four separate cases to multiple counts of burglary, petit theft, and grand theft. Wilson qualified as a prison releasee reoffender and was sentenced as such pursuant to section 775.082(8), Florida Statutes (1997). In each case, the trial court sentenced Wilson to the fifteen-year mandatory sentence required under section 775.082(8) and imposed lesser sentences on other counts, with all sentences to run concurrently. Due to Wilson's extensive prior criminal record, his scoresheet provided a guidelines range of 354.3 months (29.525 years) to 590.5 months (49.208 years). The State objected to the trial court's imposing the less severe prison releasee reoffender sentence and sought to have Wilson sentenced under both the sentencing guidelines and PRRPA. The trial court disagreed and imposed only the fifteen-year mandatory sentence under the PRRPA. The State argues that the prison releasee reoffender provisions require that a defendant receive the maximum sentence permitted by law which in this case would be a guidelines sentence with a mandatory minimum sentence of fifteen years. We disagree.
The issue presented in this case is whether a defendant may be sentenced under the PRRPA and the sentencing guidelines when his guidelines sentence exceeds the mandatory sentence under the PRRPA. The controversy arises from an apparent conflict within the subsections of *1005 section 775.082(8). Section 775.082(8)(a)(2) reads, in part:
2. If the state attorney determines that a defendant is a prison releasee reoffender ... the state attorney may seek to have the court sentence the defendant as a prison releasee reoffender. Upon proof from the state attorney that establishes by a preponderance of the evidence that a defendant is a prison releasee reoffender as defined in this section, such defendant is not eligible for sentencing under the sentencing guidelines and must be sentenced [as a prison releasee reoffender] ....
(emphasis added). However, section 775.082(8)(c) states that "[n]othing in this subsection shall prevent a court from imposing a greater sentence of incarceration as authorized by law, pursuant to s. 775.084 or any other provision of law."
When construing a statutory provision, legislative intent is the polestar that guides our inquiry. McLaughlin v. State, 721 So.2d 1170, 1172 (Fla.1998). However, words in a penal statute must be strictly construed. Perkins v. State, 576 So.2d 1310 (Fla.1991). Where words are susceptible to more than one meaning, they must be construed most favorably to the accused. § 775.021(1), Fla. Stat. (1997).
In enacting section 775.082(8), the legislature expressed a clear intent that defendants be punished to the fullest extent of the law and be sentenced pursuant to the provisions contained in the PRRPA. In fact, the legislature expressly stated in section 775.082(8)(d)(1) that "[i]t is the intent of the Legislature that offenders previously released from prison who meet the criteria in paragraph (a) be punished to the fullest extent of the law and as provided in this subsection...." However, in examining the legislature's statement in section 775.082(8)(a)(2) that "such defendant is not eligible for sentencing under the guidelines," we conclude that the clear and unambiguous meaning of the provision is that a defendant sentenced under section 775.082(8) cannot be sentenced under the sentencing guidelines and must be sentenced according to the provisions in the PRRPA.
The remaining question is whether section 775.082(8)(c), which authorizes the imposition of a greater sentence of incarceration pursuant to section 775.084, Florida Statutes (1997), or "any other provision of law," prevails over the statute's earlier preclusion of a guidelines sentence.[1] Our inquiry focuses on what the legislature meant by "any other provision of law." § 775.082(8)(c). In interpreting this statutory provision, we are guided by two principles of statutory construction.
First, in Fletcher v. Fletcher, 573 So.2d 941 (Fla. 1st DCA 1991), the First District expressed the principle that:
[W]here there is in the same statute a specific provision, and also a general one that in its most comprehensive sense would include matters embraced in the former, the particular provision will nevertheless prevail; the general provision must be taken to affect only such cases as are not within the terms of the particular provision.
*1006 Id. at 942. Thus, in accordance with this principle, the possibility that the phrase "any other provision of law" might authorize a guidelines sentence is overridden by the specific exclusion of such a sentence in section 775.082(8)(a)(2).
Second, the principle of statutory construction known as ejusdem generis provides that "where an enumeration of specific things is followed by some more general word, the general word will usually be construed to refer to things of the same kind or species as those specifically enumerated." Green v. State, 604 So.2d 471, 472 (Fla.1992). Following that principle, it would seem that the phrase "any other provision of law" should be interpreted to refer to penalty statutes similar in nature to section 775.084. Section 775.084 provides enhanced penalties for habitual offenders, habitual violent felony offenders, and violent career criminals. Section 775.084 is not a general sentencing statute but instead applies only to defendants who qualify under its provisions for enhanced sentencing. Thus, under the principle of ejusdem generis, it would seem that the phrase "any other provision of law" should more appropriately be construed to mean other penalty enhancement statutes similar to section 775.084 rather than the general sentencing provisions of the sentencing guidelines.
Given the express exclusion of the sentencing guidelines from application to a sentence imposed under section 775.082(8) and in accordance with the principle that penal statutes are to be strictly construed in favor of the accused, we conclude that section 775.082(8) does not authorize a guidelines sentence even when that sentence would be greater than the mandatory sentence provided by the PRRPA. We recognize that it is possible the legislature intended that a defendant whose guidelines sentence range is greater than the mandatory sentence under section 775.082(8) be sentenced under both the PRRPA and the sentencing guidelines. However, to the extent that there is any ambiguity as to legislative intent created by the provisions of this statute, we must interpret the statute in a manner most favorable to the accused. If the legislature wishes to allow a trial court to impose a guidelines sentence when that sentence is greater than the mandatory sentence under the PRRPA, then it must include in the statute language which more clearly reflects that intent.
Accordingly, we affirm Wilson's sentence.
BLUE, A.C.J., and SALCINES, J., Concur.
NOTES
[1] We note that the supreme court has concluded that section 775.082(8)(c), Florida Statutes (1997), authorizes the trial court to impose a prison releasee reoffender sentence and a habitual felony offender sentence under section 775.084, Florida Statutes (1997), if the habitual felony offender sentence is greater. Grant v. State, 770 So.2d 655 (Fla.2000). However, we do not find Grant applicable in this case because the application of the habitual felony offender statute is specifically authorized in section 775.082(8)(c), and unlike this case, there is no contrary provision prohibiting a prison releasee reoffender from being sentenced as a habitual felony offender.