819 So.2d 243 (2002)
Marvin NETTLES, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-3441.
District Court of Appeal of Florida, First District.
June 17, 2002.
Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, and Karen M. Holland, Assistant Attorney General, Tallahassee, for Appellee.
KAHN, J.
The question in this case is whether a defendant may, pursuant to a negotiated plea, be sentenced pursuant to both the Criminal Punishment Code (CPC), sections 921.002 through 921.0027, Florida Statutes (2000), and also the Prison Releasee Reoffender Punishment Act (PRRPA), section 775.082(9), Florida Statutes (2000). We hold that such a sentence is not necessarily illegal, although the present sentence must be modified to reflect that the prison releasee reoffender portion of the sentence may not exceed the time specified by section 775.082(9)(a)3.d., Florida Statutes (2000). We certify conflict with two other district courts of appeal.
On July 30, 2001, appellant entered a plea to two counts of attempted lewd and lascivious conduct, a third-degree felony, in *244 exchange for concurrent PRRPA and CPC sentences of 66.4 months. Appellant does not dispute that he qualifies as a prison releasee reoffender. During the plea colloquy, the judge adequately advised defendant that the PRRPA designation would cause him to serve the entire sentence day-for-day. See § 775.082(9)(b), Fla. Stat. (2000). Nevertheless, appellant subsequently filed a Rule 3.800(b)(2) motion to correct sentencing error, alleging that his sentence was illegal pursuant to State v. Wilson, 793 So.2d 1003 (Fla. 2nd DCA 2001), and Irons v. State, 791 So.2d 1221 (Fla. 5th DCA 2001). The trial court denied the motions:
The Defendant makes one claim of sentencing error. He alleges that the trial court erred in sentencing the Defendant under both the Prison Releasee Reoffender Punishment Act (PRRPA) and the Criminal Punishment Code (CPC) sentencing guidelines. The Defendant cites two very recent decisions from the Second and Fifth District Courts of Appeal in support of his instant motion. This Court finds that the Defendant's argument is without merit.
The CPC provides a method for calculating the "lowest permissible sentence." § 921.0024(2), Fla. Stat. (2000). "The lowest permissible sentence is the minimum sentence that may be imposed by the trial court, absent a valid reason for departure." Id. The CPC scoresheet in the record before us reflects a lowest permissible sentence of 66.4 months. Under the PRRPA, a defendant convicted of a third-degree felony, as was appellant in this case, must serve a term of imprisonment of five years. See § 775.082(9)(a)3.d., Fla. Stat. (2000). Also, the PRRPA defendant must serve "100 percent of the court-imposed sentence." § 775.082(9)(b), Fla. Stat. (2001). This sentence, to which defendant agreed, is obviously greater than the five years that would be mandatory under the PRRPA. Accordingly, appellant, relying upon the two cases mentioned above, argues that his sentence is illegal and must be vacated in favor of the five years provided by the PRRPA. We disagree.
In Wilson, the court noted "apparent conflict" within the various subsections of section 775.082(8), Florida Statutes (1997).[*]Wilson, 793 So.2d at 1004. In particular, the court noted two provisions that it could not reconcile. Section 775.082(8)(a)2., Florida Statutes (1997), provided that where the state attorney establishes that a defendant is "a prison releasee reoffender as defined in this section, such defendant is not eligible for sentencing under the sentencing guidelines and must be sentenced [as a prison releasee reoffender]." Wilson, 793 So.2d at 1005. As noted by the Wilson court, however, the statute went on at section 775.082(8)(c) to state:
Nothing in this subsection shall prevent a court from imposing a greater sentence of incarceration as authorized by law pursuant to s. 775.084, or any other provision of law.
Wilson, 793 So.2d at 1005. The court then concluded that although the PRRPA expresses a clear legislative intent that defendants be punished to the fullest extent of the law and allows a greater sentence of incarceration if authorized by any other provision of law, the statute's preclusion of a guideline sentence for a prison releasee reoffender means that such defendants may not be sentenced under the CPC if *245 the CPC sentence exceeds those terms of imprisonment set out in the PRRPA. See id.
The Wilson court engaged in statutory construction to support its conclusion, finding first that the general provision in the PRRPA allowing a greater sentence pursuant to "`any other provision of law'" is trumped by the particular provision stating that prison releasee reoffender defendants are "`not eligible for sentencing under the sentencing guidelines.'" Id. at 1005-06. Next, the court applied the principle of ejusdem generis to conclude that "any other provision of law" means only other penalty enhancement statutes similar to the habitual offender statute, section 775.084, Florida Statutes, because that particular statute was mentioned specifically in section 775.082(8)(c), Florida Statues (1997). See id. at 1006.
The Fifth District followed Wilson in Irons v. State. See Irons, 791 So.2d at 1224. Both the Second and Fifth Districts recognized that their respective constructions of the PRRPA may well have conflicted with legislative intent. See Wilson, 793 So.2d at 1006 ("We recognize that it is possible the legislature intended that a defendant whose guidelines sentence range is greater than the mandatory sentence under section 775.082(8) be sentenced under both the PRRPA and the sentencing guidelines."); Irons, 791 So.2d at 1224 ("[W]e also think the Legislature probably did not intend this result. No doubt in writing this statute it contemplated that the mandatory prison releasee reoffender sentences would exceed the guidelines sentences.").
We read the subsections at issue in pari materia, and in light of the legislative direction that offenders previously released from prison "be punished to the fullest extent of the law and as provided in this subsection ...." § 775.082(9)(d)1., Fla. Stat. (2000). Accordingly, once a defendant is properly designated as a prison releasee reoffender, the defendant would not be barred from a CPC sentence greater than the mandatory sentence as specified in the PRRPA.
We specifically note that the directive against guideline sentencing states that a defendant who is a prison releasee reoffender "is not eligible for sentencing under the sentencing guidelines ...." § 775.082(9)(a)3., Fla. Stat. (2000) (emphasis added). We believe the Legislature's use of the word "eligible" supports our construction. The selection of such an adjective as a modifier in the legislative limitation of sentencing options refutes any suggestion that the Legislature intended to prohibit a sentence greater than that provided by the PRRPA. The word "eligible" connotes that some benefit would be bestowed upon the defendant by a guidelines sentence. This is consistent with the dictionary definition of "eligible": "1. Qualified, as for an office, position. 2. Desirable and worthy of choice...." American Heritage Dictionary, 446 (2d College Ed.1985). A popular unabridged dictionary makes the contextual meaning of the word "eligible" even more clear: "1. fitted or qualified to be chosen or used; entitled to something ....2. worthy to be chosen or selected...." Webster's Third New Int'l Dictionary, Unabridged, 736 (1967) (emphasis added).
We also question the use here of the ejusdem generis method of statutory construction. In Green v. State, relied upon by Wilson, the Florida Supreme Court determined that a pair of gloves would not be viewed as burglary tools under a statutory scheme prohibiting possession of "`any tool, machine, or implement with intent to use the same, or allow the same to be used, to commit any burglary....'" 604 So.2d 471, 472 (Fla.1992) (quoting *246 § 810.06, Fla. Stat. (1989)). Although the supreme court in Green referred to ejusdem generis, that case does not support the result in Wilson. In Green, the supreme court was confronted with a statutory scheme that had a series of prohibited items proceeding from the specific"tool" and "machine"to the general"implement." The court concluded that it would look to the dictionary definitions of tool and machine in order to determine what the Legislature meant by its use of the word "implement." See Green, 604 So.2d at 473.
The PRRPA statute, in contrast, does not set out a series proceeding from specific to general; instead, it mentions only the habitual offender statute and very carefully follows that mention with reference to "any other provision of law." To limit the phrase "any other provision of law" to habitual offender-type sentences, would nullify the Legislature's choice of the phrase "any other provision...." In the burglary tool statute examined in Green, the word "any" preceded the specific enumeration of prohibited items. In the PRRPA, however, the word "any" follows the reference to the habitual offender statute, and refers, ostensibly, to all other provisions of law. The word "any" is, perhaps, the broadest possible non-specific adjective, referring to "one or some, regardless of kind, quantify, or number...." American Heritage Dictionary 117 (2d College Ed.1985).
The Florida Supreme Court has interpreted the PRRPA as establishing a mandatory "floor" sentence. See State v. Cotton, 769 So.2d 345 (Fla.2000).
[W]hen the Act is properly viewed as a mandatory minimum statute, its effect is to establish a sentencing `floor' if a defendant is eligible for a harsher sentence "pursuant to [the habitual offender statute] or any other provision of law," the court may, in its discretion, impose the harsher sentence.
Cotton, 769 So.2d at 354 (alteration in original) (emphasis added). The reasoning in Cotton does not suggest that only the habitual offender statute or a similar statute would properly lead to a greater sentence than the PRRPA floor. The supreme court expressly recognized that a greater sentence may be imposed pursuant to either the habitual offender statute or any other provision of law, and the court did not see fit to limit the "any other provision of law" language. See id., see also Grant v. State, 770 So.2d 655, 659 (Fla.2000) ("[A]s established in Cotton, the Legislature's intent both to provide a mandatory minimum term of imprisonment pursuant to the Act and to allow for imposition of the greatest sentence authorized by law is clear.").
Respectfully, we do not believe that Cotton and Grant support the result reached in Wilson and followed by Irons. In our view, the PRRPA sentence should be viewed as a mandatory minimum of five years. Any remaining portion of appellant's sentence would be served pursuant to the CPC.
The Fifth District reached an analogous result in Kimbrough v. State, 776 So.2d 1055 (Fla. 5th DCA 2001), a case involving a defendant convicted of a third-degree felony, subject to a five-year sentence under the PRRPA, and an enhanced additional period of incarceration under the habitual offender statute. The trial court in that case sentenced the defendant to a term of 72 months, both as a habitual offender and a prison releasee reoffender. The Fifth District concluded, "[T]he judgment appears to sentence defendant to 72 months under the PRR, which would be an illegal sentence." Kimbrough, 776 So.2d at 1057. Nevertheless, the court assumed the trial judge realized that the PRRPA *247 authorized a maximum sentence of five years for a third-degree felony, and, therefore, the trial court must have "meant that the PRR prohibition against gain time should apply only to the first 60 months of the sentence." Id. Accordingly, the district court affirmed the 72-month sentence but remanded the case to the trial court to correct the judgment to reflect the limited term of the prison releasee reoffender sentence. See id. We believe the same result should obtain in the present case.
Finally, and as an independent basis for the result we reach today, we very much doubt that the reference in the PRRPA to "sentencing under the guidelines" even refers to the CPC. It appears that the CPC has replaced the former sentencing guidelines for all crimes committed on or after its effective date. The preamble to the session law that established the CPC notes:
An act relating to criminal justice; repealing ss. 921.0001, 921.001, 921.0011, 921.0012, 921.0013, 921.0014, 921.0015, 921.0016, 921.005, F.S., relating to the statewide sentencing guidelines ....
Ch. 97-194, at 3672, Laws of Fla. (emphasis added). This repeal is actually accomplished by section 1 of the session law:
"Section 1. Sections 921.0001, 921.001, 921.0011, 921.0012, 921.0013, 921.0014, 921.0015, 921.0016, and 921.005, Florida Statutes, as amended by this act, are repealed effective October 1, 1998, except that those sections shall remain in effect with respect to any crime committed before October 1, 1998."
Ch. 97-194, § 1, at 3674, Laws of Fla. The CPC was intended to apply to "any felony" committed on or after October 1, 1998. Ch. 97-194, § 2, at 3674, Laws of Fla. Consistent with this scheme, the CPC, as enacted, refers to the "former sentencing guidelines." § 921.002(2), Fla. Stat. (2000). Moreover, this court has observed that a defendant who committed a substantive crime before the October 1, 1998, effective date of the CPC, but violated community control after that date, must be sentenced in accordance with the guidelines rather than the CPC. See Taylor v. State, 752 So.2d 85, 87 (Fla. 1st DCA 2000) ("The felony for which Ms. Taylor was being sentenced occurred in 1995, long before enactment of the Criminal Punishment Code. See Ch. 97-194, § 1, at 3674, Laws of Fla. (repealing the sections of Chapter 921, Florida Statutes, constituting the sentencing guidelines `except that those sections shall remain in effect with respect to any crime committed before October 1, 1998.')"). The Legislature therefore did not contemplate that it was enacting a provision that might be construed by some as barring a CPC sentence when it simply noted that a prison releasee reoffender would not be eligible for a guidelines sentence.
In conclusion, a 66.4-month sentence is not illegal because it is authorized by the CPC and by the PRRPA. Nevertheless, the PRRPA portion of the sentence must be specifically modified so that it only covers five years. See Kimbrough, 776 So.2d at 1057. Any portion of the sentence remaining will be served pursuant to the provisions of the CPC. We remand this case to the trial court to correct the judgment to reflect the limited term of the PRRPA sentence. In all other respects, the sentence is affirmed. We certify conflict with Wilson and Irons.
AFFIRMED in part, REVERSED in part, and REMANDED with directions.
WOLF, J., concurs, BENTON, J., dissents w/opinion.
BENTON, J., dissenting.
For the reasons well stated on behalf of unanimous panels in State v. Wilson, 793 *248 So.2d 1003, 1005-06 (Fla. 2d DCA 2001) and Irons v. State, 791 So.2d 1221, 1224 (Fla. 5th DCA 2001), I respectfully dissent from today's decision. The majority opinion ignores the cardinal rule governing construction of penal statutes, which requires that "when the language is susceptible of differing constructions, it shall be construed most favorably to the accused." § 775.021(1), Fla. Stat. (2001). The Prison Releasee Reoffender Punishment Act provides that an offender like appellant "is not eligible for sentencing under the sentencing guidelines and must be sentenced ... by a term of imprisonment of 5 years." § 775.082(9)(a)3.d., Fla. Stat. (2001). I would affirm the five-year sentence and reverse the guidelines sentence.
NOTES
[*] Now renumbered as section 775.082(9), Florida Statutes (2000). See Ch. 98-204, § 10, at 1966, Laws of Fla. Although Wilson and Irons both involved the 1997 version of the statute, and this case involves the 2000 version, the substantive provisions of the statute referred to in this opinion are the same in both versions.