874 So.2d 683 (2004)
Ted PARKER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-4919.
District Court of Appeal of Florida, Fourth District.
May 26, 2004.
Ted Parker, Punta Gorda, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.
*684 PER CURIAM.
Ted Parker ("Parker") appeals a trial court order denying his Florida Rule of Criminal Procedure 3.800(a) motion to correct illegal sentence in which he challenged his sentencing under the Prison Releasee Reoffender Punishment Act ("PRRPA") and the sentencing guidelines. After an appeal to this court, in which we reversed his sentence, see Parker v. State, 764 So.2d 888, 889 (Fla. 4th DCA 2000), Parker was resentenced to a guidelines sentence of twelve and a half years in prison along with a five year mandatory minimum term as a prison releasee reoffender. This too was appealed to this court and affirmed. See Parker v. State, 849 So.2d 317 (Fla. 4th DCA 2003). Parker then filed a motion to correct an illegal sentence which was denied. We reverse.
Parker argues that the sentence as imposed was illegal in light of section 775.082(9)(a)2., Florida Statutes (Supp. 1998), which provided in part:
Upon proof from the state attorney that establishes by a preponderance of the evidence that a defendant is a prison releasee reoffender as defined in this section, such defendant is not eligible for sentencing under the sentencing guidelines and must be sentenced as follows:

...
d. For a felony of the third degree, by a term of imprisonment of 5 years.
The state, however, points to a later provision of the same statute, section 775.082(9)(c), which provides:
Nothing in this subsection shall prevent a court from imposing a greater sentence of incarceration as authorized by law, pursuant to s. 775.084 or any other provision of law.
If this latter section were read as the state has urged here, it would have the effect of cancelling out the earlier, more specific provision of the same section expressly barring a prison releasee reoffender from being eligible for guidelines sentencing. "A basic principle of statutoryconstruction requires that `all parts of a statute must be read together in order to achieve a consistent whole. Where possible, courts must give effect to all statutory provisions and construe related statutory provisions in harmony with one another.'" M.W. v. Davis, 756 So.2d 90, 101 (Fla. 2000) (quoting Forsythe v. Longboat Key Beach Erosion Control Dist., 604 So.2d 452, 455 (Fla.1992)). We do not believe that this section overrides the express prohibition against guidelines sentencing for a defendant found to be a prison releasee reoffender.
We find support for our conclusion in Nettles v. State, 850 So.2d 487 (Fla.2003). The supreme court reviewed Nettles in light of possible conflict with State v. Wilson, 793 So.2d 1003 (Fla. 2d DCA 2001), in which the second district held that a defendant found to qualify as a prison releasee reoffender cannot be sentenced under the guidelines but rather could only be sentenced pursuant to the mandatory sentence provided by the PRRPA. This is the same issue as presented in our case. In Nettles, the supreme court held that a defendant could, lawfully be sentenced to both PRRPA and Criminal Punishment Code ("CPC") sentencing, and that, therefore, a defendant's sentence to 66.4 months in prison, with 60 months to be served under the PRRPA and 6.4 months to be served under the CPC, was a legal sentence. See Nettles, 850 So.2d at 492. The majority opinion recognized, in dicta, that the statute (renumbered as 775.082(9)(a).3, Fla. Stat. (2000)) "specifically excludes sentencing under the guidelines ..." Id. at 490.
The majority opinion of the supreme court found that Nettles involved a different issue than presented in the Wilson case because Nettles concerned whether a *685 defendant could lawfully be sentenced under the PRRPA and the CPC, and the Wilson case addressed whether a defendant could lawfully be sentenced under the PRRPA and the sentencing guidelines. The majority opinion concluded that there was no real conflict because the issues were distinct. The majority did state that it was disapproving of the Wilson decision to the extent that it was inconsistent with its opinion, see Nettles, 850 So.2d at 495, but Justice Cantero, joined by Justices Pariente and Bell, pointed out in a special concurrence that this should not be read as a disapproval of the result in that case as it raised different issues than the instant appeal. He reasoned, "[t]he difference [in issues] is critical because the PRRPA specifically prohibits application of the sentencing guidelines, not the CPC," and concluded the majority correctly determined "that no actual conflict exists between" the cases. Id.
Based on Nettles, which was decided after our decision affirming the resentencing in this case, we reverse the trial court order denying Parker's motion to correct illegal sentence and remand for resentencing in accordance with this opinion.
WARNER, GROSS and TAYLOR, JJ., concur.